**Irvin LENTZ; Director, Office of Workers' Compensation Programs, United States Department of Labor, Petitioner,**

v.

**The COTTMAN COMPANY, Respondent.**

**No. 87–2601.**

United States Court of Appeals, Fourth Circuit.

Argued April 8, 1988.

Decided July 25, 1988.

---

Harold R. Weisbaum (Jerome Blum, Benjamin Lipsitz, Baltimore, Md., on brief), Michael S. Hertzig, Dept. of Labor, Washington, D.C. (George R. Salem, Donald S. Shire, Dept. of Labor, J. Michael O'Neill, Washington, D.C., for Longshore, Dept. of Labor, on brief), for petitioner.

J. Edward Martin (Allen, Thieblot & Alexander, Baltimore, Md., on brief), for respondent.

Before HALL, CHAPMAN and WILKINSON, Circuit Judges.

K.K. HALL, Circuit Judge:

Irvin Lentz ("claimant") appeals the decision of the Benefits Review Board ("BRB") affirming the decision of the Administrative Law Judge ("ALJ") that the claimant in this case is only partially disabled. Because the Board's decision is inconsistent with this Court's prior holdings, we reverse and remand with directions to award claimant benefits based on permanent and total disability.

## I.

Lentz was seriously injured when he fell from the back of a tractor ("fifth wheel") while on the job at the Cottman Company ("the employer"). He suffered a compound fracture of the pelvis, severe laceration of the left groin, and severe contusions and crush injuries to his back. Lentz continues to suffer from swelling of his legs and pain in the injured parts of his body. Claimant and employer agree that Lentz is unable to return to his former job as a longshoreman. Although Lentz is unable to read and write, his doctors testified that he may be able to work.

Lentz sought benefits pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950. On February 23, 1983, the ALJ awarded claimant compensation for temporary total disability from June 3, 1977, through April 14, 1981, and compensation for permanent partial disability commencing on April 15, 1981. The ALJ based his decision on a finding that a single elevator operator job, which a vocational counselor testified was available, constituted "suitable, alternate employment" for Lentz. By order of April 15, 1987, the BRB affirmed the ALJ's finding that Lentz was only partially disabled.[1] Lentz appeals.

## II.

On appeal, Lentz, joined by the Director, Office of Workers' Compensation Programs, contends that the BRB erred in

---

**1.** The BRB increased the amount of Lentz's weekly compensation for permanent partial disability from $211.82 to $229.11, after finding that the ALJ erred in calculating Lentz's reasonable earning capacity.

finding that the establishment of "one suitable available job is sufficient to meet [the] employer's burden" of proving suitable alternate employment. Lentz argues that evidence of one suitable alternate employment opportunity cannot, as a matter of law, satisfy an employer's burden under this Court's decision in *Trans–State Dredging v. Benefits Review Bd.*, 731 F.2d 199 (4th Cir.1984). We are persuaded by appellant's submissions.

■ Once an individual demonstrates an inability to perform his former longshore employment because of a job-related injury, the burden shifts to the employer to establish the availability of other jobs that the claimant could perform, i.e., suitable alternate employment, demonstrating that the injured employee retains the capacity to earn wages in a regular job. *Trans–State Dredging v. Benefits Review Board*, 731 F.2d 199, 203 (4th Cir.1984); *Newport News Shipbuilding and Dry Dock Co. v. Director, OWCP*, 592 F.2d 762, 765 (4th Cir.1979); *Roger's Terminal and Shipping Corp. v. Director, OWCP*, 784 F.2d 687, 691 (5th Cir.1986); *New Orleans (Gulfwide) Stevedores v. Turner*, 661 F.2d 1031, 1038 (5th Cir.1981). By proving that the injured employee retains the capacity to earn wages in regular, continuous employment, the employer's compensation liability is reduced or eliminated.

In *Trans–State*, we approved the Fifth Circuit's standard for showing available suitable alternate employment:

Job availability should incorporate the answer to two questions. (1) Considering claimant's age, background, etc., what can the claimant physically and mentally do following his injury, that is, what *types of jobs* is he capable of performing or capable of being trained to do? (2) Within this *category of jobs* that the claimant is reasonably capable of per-

forming, are there *jobs* reasonably available in the community for which the claimant is able to compete and which he could realistically and likely secure? This second question in effect requires a determination of whether there exists a reasonable likelihood, given the claimant's age, education, and vocational background that he would be hired if he diligently sought the job.

731 F.2d at 201 (emphasis added) (quoting *New Orleans (Gulfwide) Stevedores v. Turner*, 661 F.2d at 1042–43).

■ In order to satisfy the standard enunciated in *Trans–State*, an employer must present evidence that a range of jobs exists which is reasonably available and which the disabled employee is realistically able to secure and perform. The identification of a single job opening, as in this case, simply does not meet this standard. A single job opening cannot reasonably or realistically satisfy an employer's burden of "demonstrat[ing] the *types* of jobs that the claimant can perform, that those types of jobs are available in the relevant community, and that there is a reasonable likelihood that the claimant would be hired if he diligently sought the job." *Roger's Terminal*, 784 F.2d at 691 (emphasis added). If a vocational expert is able to identify and locate only one employment position, it is manifestly unreasonable to conclude that an individual would be able to seek out and, more importantly, secure that specific job.[2]

### III.

Accordingly, the BRB's decision is reversed and the case remanded to the ALJ for entry of an award of permanent total disability compensation benefits.

REVERSED AND REMANDED.

---

2. Appellee's assertion that it satisfied its burden of proving suitable alternate employment by proffering evidence of the availability of at least six employment positions lacks merit. The ALJ found that five of the six positions (elevator operator (30–35 hours per week), cashier attendant, movie maker assistant, parking lot attend- ant, and shoe repair apprentice) presented by the employer were in fact not suitable considering Lentz's physical and mental limitations. The remaining position, a sixteen-hour per week job as an elevator operator, is insufficient to demonstrate suitable alternate employment.