Ron M. BROOKS, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; Newport News Shipbuilding and Dry Dock Company, Respondents.

No. 92–1932.

United States Court of Appeals, Fourth Circuit.

Argued July 12, 1993.

Decided Aug. 16, 1993.

Robert Elliott Walsh, Rutter & Montagna, Norfolk, VA, argued, for petitioner.

Mark A. Reinhalter, Office of the Sol., U.S. Dept. of Labor, Washington, DC, argued (Marshall J. Breger, Sol. of Labor, Carol A. De Deo, Associate Sol., Samuel J. Oshinsky, Counsel for Longshore, Office of the Sol., U.S. Dept. of Labor, on the brief), for respondent Director.

Lawrence Philip Postol, Seyfarth, Shaw, Fairweather & Geraldson, Washington, DC, argued (Jonathan H. Walker, Seyfarth, Shaw, Fairweather & Geraldson, on the brief), for respondent Newport News Shipbuilding.

Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.

## OPINION

PER CURIAM:

Claimant-appellant Ron M. Brooks appeals a decision of the Benefits Review Board reversing the decision of the Administrative Law Judge and denying him disability compensation under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (1988).

On May 19, 1986, while working as a joiner for Newport News Shipbuilding and Dry Dock Co. (NNS), Brooks injured his lower back. On his return to work three days later, he reported the injury to a physician at NNS's clinic. He also informed the physician that he had injured his back several years before. Brooks thereafter worked intermittently until August 15, 1986, when NNS assigned him lighter work issuing tools. As a result of the medical care offered claimant at its clinic, NNS discovered that Brooks had failed to disclose his previous back injury in his employment application in January 1984, a falsification of company records constituting a violation of Yard Rule 10 of the labor contract. Because of the record falsification, Brooks was fired on October 14, 1986.

Under the Act, once the claimant has established that he is unable to return to his former employment due to a work-related injury, the burden shifts to the employer to demonstrate that the claimant retains the capacity to earn wages in a regular job by showing the availability of suitable alternative employment which the claimant is capable of performing. See, e.g., Newport News Shipbuilding & Dry Dock Co. v. Tann, 841 F.2d 540, 542 (4th Cir.1988). This burden can be met by showing a suitable job that the claimant actually performed after his injury. See Darden v. Newport News Shipbuilding and Dry Dock Co., 18 BRBS 244, 226 (1986).

To meet its burden, NNS showed that Brooks had been actually employed issuing tools after his injury. The ALJ determined that although the toolroom job was suitable alternative employment which Brooks was able to perform, that job was unavailable due to an injury-related discharge. Brooks' discharge was related to his injury, concluded the ALJ, because

[i]t was clearly the existence of the claimant's disability which led [NNS physicians] to review the claimant's file, to discover the incorrect medical record and to set in motion the actions of the supervisor of personnel ... and the claimant's foreman which resulted in his discharge.

J.A. at 20. Because Brooks' "discharge from employment was in fact related to his disability," the ALJ concluded that NNS had not met its burden of showing the availability of suitable post-injury alternative employment, and so was liable for disability payments to Brooks. Id. at 20–21.

The Benefits Review Board reversed. It concluded that the suitable alternative job issuing tools became unavailable to Brooks for reasons unrelated to his injury (i.e., because of his violation of company rules) and that therefore NNS had met its burden by introducing evidence of that job. Brooks v. Newport News Shipbuilding and Dry Dock Co., Nos. 89–2340 & 89–2340A (BRB June 9, 1992), reprinted in J.A. at 28.; see also Harrod v. Newport News Shipbuilding and Dry Dock Co., 12 BRBS 10, 14–16 (1980) (employer met burden by showing alternative job given claimant, even though claimant was

later fired for violating a company rule against bringing handguns to work). In so holding, the Board rejected the ALJ's "but for" analysis:

> [C]ontrary to the administrative law judge's determination, while claimant's violation of the company rule might not have come to light but for his work-related injury, his discharge occurred because he breached a company rule and not because of his work-related disability. Because claimant's inability to perform the post-injury job at employer's facility on or after October 14, 1986 was due to his own misfeasance in violating a company rule, any loss in his wage-earning capacity thereafter is not compensable under the Act inasmuch it is not due to claimant's disability resulting from the work-related incident.

J.A. at 28.

We have read the briefs, heard oral argument, and given full consideration to Mr. Brooks' contentions. We have given especial consideration to Brooks' contention that, as the ALJ concluded and the Director of the Office of Workers' Compensation Programs argues, his discharge resulted from his injury because his falsification of company records would not have been discovered "but for" his injury. We reject these contentions and, finding no error in the decision below, *Brooks v. Newport News Shipbuilding and Dry Dock Co.*, Nos. 89–2340 & 89–2340A (BRB June 9, 1992), *reprinted in* J.A. at 23–29, we affirm on the reasoning of the Benefits Review Board.

*AFFIRMED.*