United States Court of Appeals,

Fifth Circuit.

No. 96-60029

Summary Calendar.

Rene M. DARBY and Office of Worker's Compensation Programs, United States Department of Labor, Petitioners,

v.

INGALLS SHIPBUILDING, INC., a Self-Insured Employer, Respondent.

Nov. 13, 1996.

Petition for Review of an Order of the Benefits Review Board.

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Rene Darby petitions for review of a decision of the Benefits Review Board ("BRB") affirming an order by an administrative law judge ("ALJ") consisting of a Decision and Order Awarding Additional Benefits, all pursuant to the Longshore and Harbor Workers' Compensation Act (the "Act"), as amended, 33 U.S.C. § 901 *et seq.* We grant the petition in part and vacate and remand in part.

I.

Darby was employed by Ingalls Shipbuilding, Inc. ("Ingalls"), as a joiner and, during the course of this employment, was injured when he slipped and fell down a flight of stairs. He underwent medical treatment for the sustained injuries, during which time Ingalls paid temporary total disability benefits. Darby returned to work nine months later in the same position and transferred to a different department for a short period of time before returning

to the joiner department and later being laid off because of a lack of work.

In October 1990, nearly three years after his accident, Darby returned to Ingalls as a joiner. Because of his physical limitations, however, he was assigned to a modified joiner position with restrictions on his responsibilities to lift and push heavy objects. Darby was instructed by his supervisor that he was to work within the scope of his restrictions but that he could exercise his own judgment where appropriate. Darby worked without incident in this new capacity for approximately one year.

Following his return, Darby sought permanent total disability compensation under the Act, alleging that his post-injury position at Ingalls did not constitute suitable alternative employment (§ 908(a)) and that he was entitled to additional medical benefits (§ 914(e)). After administrative procedures failed to resolve the parties' differences, an ALJ held a formal hearing on October 2, 1991, and awarded Darby various additional medical and compensation benefits. Of particular consequence to this appeal, however, is the ALJ's finding that Darby's modified joiner position was suitable alternative employment.

## II.

We review BRB decisions for errors of law and adhere to the substantial evidence standard that governs the BRB's review of the ALJ's factual determinations. *See Odom Constr. Co. v. United States Dep't of Labor,* 622 F.2d 110, 115 (5th Cir.1980), *cert. denied,* 450 U.S. 966, 101 S.Ct. 1482, 67 L.Ed.2d 614 (1981). Thus,

we must affirm BRB decisions that conclude correctly that the ALJ's findings are supported by substantial evidence and are in accordance with the law. *See O'Keefe v. Smith, Hinchman & Grylls Assoc., Inc.,* 380 U.S. 359, 362-63, 85 S.Ct. 1012, 1014-15, 13 L.Ed.2d 895 (1965).

A.

Darby first argues that the BRB erred in relying upon the modified joiner position to establish the availability of suitable alternate employment. According to Darby, an employer should be required to prove that a job offered as suitable alternative employment is realistically and regularly available to the claimant on the open job market. In so suggesting, Darby reads our decision in *P & M Crane Co. v. Hayes,* 930 F.2d 424, 430 (5th Cir.1991), (i) to permit a single job offer to discharge the employer's burden only where the claimant is highly skilled and seeking specialized employment in an area where the number of suitable applicants is small and (ii) to require a demonstration of availability in the open job market where the claimant, as in the instant case, is less skilled.[1]

We need not decide whether *P & M Crane* should be so construed, as it is inapposite to the instant case. *P & M Crane* dealt with

---

[1]Darby notes correctly that *Diosdado v. John Bludworth Marine,* No. 93-05422, 37 F.3d 629 (5th Cir. Sept. 19, 1994) (unpublished), hinted at such an interpretation of *P & M Crane,* but *Diosdado* is factually distinct from the instant case. In *Diosdado,* the claimant was offered a single job external to his current employer, and the employer had failed to demonstrate that the claimant had any reasonable likelihood of obtaining that job. Absent such a showing by the employer, we were not convinced that the employer has discharged his burden adequately.

claimants who alleged permanent and total disabilities and whose employers proffered allegedly suitable jobs external to their current place of work, whereas Darby suffers from a partial disability only and was offered a new job within his current place of work. *See id.* at 427. The BRB has opined, with respect to partial disability cases, that an employer's offer of a suitable job within the partially disabled claimant's current place of work is sufficient to discharge its burden of establishing suitable employment; the employer need not show that the claimant can earn wages in the open market. *See Darden v. Newport News Shipbuilding & Dry Dock Co.,* 18 BRBS 224, 226 (1986).

*P & M Crane* did not disturb, and, in fact, cited approvingly the *Darden* holding. *See P & M Crane,* 930 F.2d at 430. Hence, we find no error in the BRB's conclusion that Ingalls's employment of Darby in the modified joiner position was sufficient to discharge its burden of showing availability of suitable employment.

Properly characterized, Darby's challenge to the modified joiner position thus becomes one of the suitability of the position with respect to his physical constraints. In support of its finding of suitability, the BRB noted that Darby had been granted wide latitude by Ingalls to determine his physical capabilities and to perform his duties in connection with such determinations and that Darby had been instructed to report any conflicts between an assigned job task and his work restrictions to his supervisor. *See Rene M. Darby v. Ingalls Shipbuilding, Inc.,* No. 91-LHCA-0049 (Dep't Labor 1992), at 3. The BRB also found sufficient evidence

4

that, to the extent Darby was in fact performing work in excess of his physical limits as suggested by his physicians, he was doing so on his own accord. *Id.* Finally, the BRB was influenced by Darby's satisfactory performance of his modified job responsibilities for approximately one year prior to the hearing and the juxtaposition of his complaints in close proximity with the ALJ hearing. *Id.*

The record reveals that the BRB's review of the ALJ's factual findings is supported by substantial evidence, and we decline to disturb any credibility inferences. *See Mendoza v. Marine Personnel Co.,* 46 F.3d 498, 500 (5th Cir.1995) (noting that "[t]he ALJ is the factfinder and "is entitled to consider all credibility inferences.' The ALJ's selection among inferences is conclusive if supported by the evidence and the law. The ALJ determines the weight to be accorded to evidence and makes credibility determinations.") (citations omitted).

### B.

Darby next argues that the modified joiner position is improper because it constitutes "sheltered employment." Darby points us to the cross-examination testimony of Carl Robinson, Darby's immediate supervisor, in which Robinson answered in the negative Darby's question whether, if Darby were to leave, he would "advertise the position as a light duty joiner to be filled." Darby so interprets Robinson's answer to mean that, were Darby to leave, the position would not be filled at all and urges us to marshal this "compelling evidence" toward the conclusion that "the Employer created this position for the sole and express purpose of

5

escaping liability to the Claimant for his neck and back injuries."

Not only is Darby's interpretation of Robinson's answer questionable, but the remaining eight pages of Robinson's testimony on cross-examination undermines Darby's ultimate conclusion. First, Darby's question of Robinson asked only whether, if Darby were to leave, Robinson would *advertise* Darby's position as a "light duty joiner," not whether Robinson would hire an employee to complete the duties formerly executed by Darby. Robinson's manner of advertising a vacant position does nothing to support Darby's sheltered employment claim. Furthermore, Robinson's remaining testimony makes apparent the frequency with which joiners work under various restrictions.[2] That the joiner work was tailored to Darby's physical limitations is insufficient to support Darby's contention that the position was sheltered. *See Darden,* 18 BRBS at 226. Rather, we find substantial evidence to support the BRB's review of the ALJ's finding that Darby's position was part of the regular work performed by his department.

C.

Finally, Darby asserts that the ALJ failed to make a finding under 33 U.S.C. § 908(h) that Darby's actual post-injury earnings "fairly and reasonably represent his wage-earning capacity." Under 33 U.S.C. § 908(c)(21), an award for permanent partial disability is based upon the difference between claimant's pre-injury average weekly wage and his post-injury wage earning capacity. The ALJ is

---

[2]Robinson noted: "That happens all the time, though, you know, like you have guys that come in, they have a restriction, you know, I done seen that before."

6

permitted to approximate a claimant's wage-earning capacity by using his post-injury actual wages, but only if such actual earnings fairly and reasonably represent his wage-earning capacity. *See Develier v. National Steel & Shipbuilding Co.,* 10 BRBS 649, 660 (1979). Although the BRB said that the ALJ found that Darby's post-injury earnings were representative of his wage-earning capacity, *see Darby* at 5, we find no such determination in the ALJ's decision. Accordingly, we vacate and remand for a finding consistent with § 908(h).

The petition for review is GRANTED, and the decision of the BRB is AFFIRMED in part and VACATED and REMANDED in part.