**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CALVIN WASHINGTON,
Petitioner,

v.

No. 96-2585

MAERSK CONTAINER SERVICE; SIGNAL
MUTUAL INDEMNITY ASSOCIATION,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(BRB-95-508)

Submitted: January 6, 1998

Decided: February 17, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ralph R. Lorberbaum, ZIPPERER & LORBERBAUM, P.C., Savan-
nah, Georgia, for Petitioner. Stephen E. Darling, SINKLER &
BOYD, P.A., Charleston, South Carolina, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Calvin Washington petitions for review of an order of the Depart-
ment of Labor's Benefits Review Board ["the Board"]. The Board
summarily affirmed* the decision of an administrative law judge
["ALJ"] denying Washington's claim for compensation benefits under
the Longshore and Harbor Workers' Compensation Act["LHWCA"],
33 U.S.C. §§ 901-950 (1994), and denying Maersk Container Service
["Maersk"] relief under § 908(f) for preexisting disability. Washing-
ton claims that the ALJ erred in determining that Maersk established
suitable alternate employment and in failing to find that his injury
aggravated a pre-existing condition. For the reasons set forth below,
we affirm.

Washington sustained an injury to his left leg in May 1989, and
Maersk paid Washington temporary total disability benefits for the
leg injury. Washington then filed a claim for permanent and total dis-
ability under the provisions of the LHWCA, alleging that his leg
injury was permanent and aggravated his pre-existing back condition.
In a proceeding before the ALJ, Maersk claimed that Washington's
leg injury did not aggravate a pre-existing condition and was not per-
manent. Further, Maersk contended that suitable alternative employ-
ment existed and alternatively, that it was entitled to relief pursuant
to § 908(f) for pre-existing disability. The ALJ concluded that Wash-
ington was not entitled to permanent disability benefits because his

_____

*The Board never addressed the merits of the appeal. On September
12, 1996, the Board sent the parties a notice stating that pursuant to the
provisions of Public Law Number 104-134, enacted on April 26, 1996,
all appeals to the Board relating to claims under the LHWCA that have
been pending before the Board for more than one year, shall, if not acted
upon before September 12, 1996, be considered affirmed by the Board.
Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.
L. No. 104-134, § 101(d), 110 Stat. 1321-281 (1996). Because Washing-
ton's appeal met these criteria, the Board informed the parties that the
ALJ's decision had been effectively affirmed by the Board on September
12, 1996, for purposes of their rights to obtain review in this court. We
reject Washington's suggestion that this case is not ripe for our review.

2

injury was limited to his leg and suitable alternative employment existed. The Board summarily affirmed the ALJ's decision, and Washington timely appeals.

Once a claimant shows that he is unable to return to his regular employment, the burden shifts to the employer to prove that suitable alternative employment is available. See Newport News Shipbuilding & Dry Dock Co. v. Tann, 841 F.2d 540, 542 (4th Cir. 1988). An employer need only show that there are jobs available at a time when the claimant is able to seek and find employment. See Tann, 841 F.2d at 542-43. An employer must present evidence that a range of jobs exists that is reasonably available and that the employee is realistically able to secure and perform, see Lentz v. Cottman Co., 852 F.2d 129, 131 (4th Cir. 1988), and is not required to prove the availability of a job by contacting a prospective employer to see if that employer would hire someone with the same background, age, and disabilities as the injured employee, see Trans-State Dredging v. Benefits Review Bd., 731 F.2d 199, 201 (4th Cir. 1984). Once an employer establishes suitable alternate employment, the claimant's disability is found to be partial and not total. See Southern v. Farmers Export Co., No. 81-1745, 1985 WL 55355, at *2 (B.R.B. 1985).

We review the Board's decision for errors of law and to determine whether the Board observed its statutorily-mandated standard for reviewing the ALJ's factual findings. See Newport News Shipbuilding & Dry Dock Co. v. Director, OWCP (Hess), 681 F.2d 938, 941 (4th Cir. 1982). In turn the Board's review of the ALJ's factual findings is limited by the requirement that "[t]he findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3) (1994). Because the ALJ's decision was affirmed by default, there is no Board decision for the court to review; the ALJ's findings of fact must therefore be upheld if supported by substantial evidence. We defer to the ALJ's credibility determinations and inferences made from the evidence. See See v. Washington Metro. Area Transit Auth., 36 F.3d 375, 380 (4th Cir. 1994).

We conclude that substantial evidence in the record as a whole supports the ALJ's factual findings and that, based on the evidence, the ALJ did not err in concluding that Washington was not entitled to per-

3

manent compensation under the LHWCA. The record establishes that Washington's injury was limited to his leg and that the leg injury did not aggravate or exacerbate a pre-existing back condition. Numerous doctors examined Washington and the substantial weight of the evidence found to be credible by the ALJ indicates that for a period of at least two years following the accident, Washington sought treatment for pain in his left leg only. Additionally, the record reveals that suitable alternative employment existed. The record indicates, and Washington concedes, that a range of jobs existed which was reasonably available and which Washington was realistically able to secure and perform. Thus, the ALJ correctly concluded that because suitable alternate employment existed, Washington's disability is partial and not total. See Southern, 1985 WL 55355, at *2.

Accordingly, because we find that the ALJ's findings were supported by substantial evidence in the record as a whole and that the ALJ did not err, we affirm the Board's summary order affirming the ALJ's decision by default. See Hess, 681 F.2d at 941.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4