**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN MCCRAY,
Petitioner,

v.

I.T.O. CORPORATION OF BALTIMORE;

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

No. 96-2400

On Petition for Review of an Order
of the Benefits Review Board.
(95-1795)

Submitted: March 20, 1998

Decided: May 1, 1998

Before NIEMEYER and WILLIAMS, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis J. Glick, Baltimore, Maryland, for Petitioner. Stan M. Haynes,
SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Respon-
dents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John McCray petitions for review of an order of the Department of Labor's Benefits Review Board ("the Board").* McCray claims that the ALJ erred in determining that ITO established suitable alternative employment. For the reasons set forth below, we affirm.

McCray sustained an injury to his left knee in March 1980. He returned to work as a longshoreman in 1981 after an arthroscopy revealed no need for surgery. In March 1982, McCray sustained a separate injury to his right hand. McCray stopped working in July 1982 after he underwent surgery for a non-work-related condition. In 1988, McCray was found to have a ten percent permanent partial disability as a result of his knee injury in 1980 and no disability as a result of his hand injury in 1982. In 1992, the Board partially reversed the ALJ's decision and remanded for additional proceedings solely for a determination as to whether McCray could be entitled to any permanent total disability benefits between the time that he reached maximum medical improvement and until the time that suitable alternative employment was shown to be available.

_____

*The Board never addressed the merits of the appeal. On September 12, 1996, the Board sent the parties a notice stating that pursuant to the provisions of Public Law Number 104-134, enacted on April 26, 1996, all appeals to the Board relating to claims under the LHWCA that have been pending before the Board for more than one year, shall, if not acted upon before September 12, 1996, be considered affirmed by the Board. Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, § 101(d), 110 Stat. 1321, 1321-29 (1996). Because McCray's appeal met these criteria, the Board informed the parties that the ALJ's decision had been effectively affirmed by the Board on September 12, 1996, for purposes of their rights to obtain review in this court.

2

In a proceeding before the ALJ in May 1995, ITO presented the testimony of a vocational rehabilitation expert who testified that there were three types of jobs available in the Baltimore area since 1980 that were within McCray's restrictions--security monitor jobs, light assembly jobs, and cashier jobs. Despite a five-month extension to obtain a vocational expert, McCray offered no evidence to refute ITO's expert witness.

Once a claimant shows that he is unable to return to his regular employment, the burden shifts to the employer to prove that suitable alternative employment is available. See Newport News Shipbuilding & Dry Dock Co. v. Tann, 841 F.2d 540, 542 (4th Cir. 1988). An employer need only show that there are jobs available at a time when the claimant is able to seek and find employment. Id. at 542-43. An employer must present evidence that a range of jobs exists that is reasonably available and that the employee is realistically able to secure and perform, see Lentz v. Cottman Co., 852 F.2d 129, 131 (4th Cir. 1988), and is not required to prove the availability of a job by contacting a prospective employer to see if that employer would hire someone with the same background, age, and disabilities as the injured employee, see Trans-State Dredging v. Benefits Review Bd., 731 F.2d 199, 201 (4th Cir. 1984). Once an employer establishes suitable alternate employment, the claimant's disability is found to be partial and not total. See Southern v. Farmer Export Co., No. 81-1745, 1985 WL 55355, at *2 (B.R.B. 1985).

We review the Board's decision for errors of law and to determine whether the Board observed its statutorily-mandated standard for reviewing the ALJ's factual findings. See Newport News Shipbuilding & Dry Dock Co. v. Director, OWCP (Hess), 681 F.2d 938, 941 (4th Cir. 1982). In turn, the Board's review of the ALJ's factual findings is limited by the requirement that "[t]he findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3) (1994). Because the ALJ's decision was affirmed by default, there is no Board decision for the court to review; the ALJ's findings of fact must therefore be upheld if supported by substantial evidence. We defer to the ALJ's credibility determinations and inferences made from the evidence. See See v. Washington Metro. Area Transit Auth., 36 F.3d 375, 380 (4th Cir. 1994).

3

We conclude that substantial evidence in the record as a whole supports the ALJ's factual findings and that, based on the evidence, the ALJ did not err in concluding that McCray was not entitled to permanent compensation under the LHWCA. The record reveals that suitable alternative employment existed. Thus, the ALJ correctly concluded that because suitable alternate employment existed, McCray's disability is partial and not total. See Southern, 1985 WL 55355, at *2.

Accordingly, we affirm the Board's summary order affirming the ALJ's decision by default. See Hess, 681 F.2d at 941. We deny Appellant's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4