UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGE FORGICH,
Petitioner,

v.

NORFOLK SHIPBUILDING & DRYDOCK

CORPORATION; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

No. 96-2574

On Petition for Review of an Order
of the Benefits Review Board.
(95-1939)

Argued: April 8, 1998

Decided: August 4, 1998

Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge, and
CHAMBERS, United States District Judge for the Southern District
of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Harlow Klein, RUTTER & MONTAGNA, L.L.P.,
Norfolk, Virginia, for Petitioner. Richard John Barrett, VANDE-
VENTER, BLACK, MEREDITH & MARTIN, L.L.P., Norfolk, Vir-

ginia, for Respondents. **ON BRIEF:** Matthew H. Kraft, RUTTER & MONTAGNA, L.L.P., Norfolk, Virginia, for Petitioner. Kelly O. Stokes, VANDEVENTER, BLACK, MEREDITH & MARTIN, L.L.P., Norfolk, Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

George Forgich appeals the decision of the Benefits Review Board denying him workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.§ 901 et seq. Concluding that substantial evidence supports the Board's decision, we affirm.

I

In March 1985, Forgich began his employment with Norfolk Shipping & Drydock Corporation ("Norshipco") as a machinist's apprentice. A few months later, Forgich injured his right knee during the course of his employment. Dr. Robert Neff, who treated Forgich, determined that Forgich had sustained a 15% permanent partial disability of his right lower leg. Forgich returned to regular duty at the machine shop in December 1988, although he continued to receive treatment for his injury until June 1990.

Upon completion of his apprenticeship, Forgich was promoted to machinist second-class and thereafter to machinist first-class.

In May 1990, again while working in the course of his employment, Forgich sustained an injury to his right foot, and again Dr. Neff treated the injury. Dr. Neff assigned an additional 5% permanent partial impairment of the right leg as a result of this injury and returned

2

Forgich to work in April 1991 with physical restrictions, including limitations on climbing stairs and ladders. When Forgich returned to work, Norshipco provided him with light-duty work in the machine shop.

Several months later, in July 1991, Forgich resigned from his position at Norshipco to begin work for another company, CACI. In October 1992, he returned to work for Norshipco, again working as a machinist first-class. He continued as an employee of Norshipco until February 23, 1994, when he began working as a tool and dye maker for another company, Sorbilite, where he continues to work today.

During the period from April 1991 until the present, Forgich has worked continuously except for two relatively short periods when Norshipco laid off Forgich, along with a number of other employees at his seniority level, because of economic conditions. The first lay-off, which involved approximately 25% of Norshipco's machine shop, lasted about three weeks from June 21, 1993, until July 12, 1993, and the second layoff, which involved over 50% of the shop, lasted about eight weeks from December 27, 1993, until February 22, 1994.

Forgich filed a claim for workers' compensation benefits under the Longshore Act for the eleven weeks that he was laid off in the summer of 1993 and the winter of 1993-94. The administrative law judge denied benefits, noting that the layoffs were caused entirely by economic reasons and were in no way related to any employment injury. He concluded, "As there is no evidence that the layoffs or Claimant's participation therein were related to his employment injuries, he is not entitled to compensation for those periods of time that he was out of work." The Benefits Review Board summarily affirmed, and this appeal followed.

II

To qualify for benefits under the Longshore Act, the claimant bears an initial burden of demonstrating that due to his work-related injury, he was incapable of returning to his prior employment. See, e.g., Universal Maritime Corp. v. Moore, 126 F.3d 256, 264 (4th Cir. 1997); Newport News Shipbuilding & Dry Dock Co. v. Tann, 841

3

F.2d 540, 542 (4th Cir. 1988). Once the claimant has satisfied this burden, he is eligible for benefits unless the employer is able to demonstrate that the claimant is capable of performing suitable alternative employment. See, e.g., Brooks v. Director, OWCP, 2 F.3d 64, 65 (4th Cir. 1993) (per curiam); Newport News Shipbuilding & Dry Dock Co. v. Director, OWCP, 592 F.2d 762, 765 (4th Cir. 1979). In order to demonstrate suitable alternative employment, "the employer must demonstrate that `there [are] jobs available in the local economy which the claimant, considering his age, past experience and disability, [is] capable of performing.'" Newport News, 592 F.2d at 765 (quoting Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968) (alterations in original)). One of the ways in which the employer can satisfy this burden is by "showing a suitable job that the claimant actually performed after his injury." Brooks, 2 F.3d at 65. The employer can also present or point to evidence in the record of other jobs that are available in the relevant geographic market for which the claimant is physically and educationally qualified. See Tann, 841 F.2d at 542-43. The employer need not, however, actually contact potential employers; to meet its burden it need only "demonstrat[e] the availability of specific jobs in a local market." Universal Maritime , 126 F.3d at 265.

In this case, even if Forgich had met his burden of proof and shown that, because of his physical limitations, he was unable to return to his previous employment as a machinist first class, there was substantial evidence in the record to support the conclusion that there were other jobs in the relevant economy which Forgich could perform. In addition to continuing as a machinist at Norshipco after his injuries, the record shows that Forgich also worked at CACI and Sorbilite. Forgich contends, however, that Norshipco did not meet its burden of showing that these other jobs existed during the periods of the economic layoffs because Forgich's employment at CACI and Sorbilite occurred during different periods. We do not agree, however, that evidence of Forgich's employment at CACI and Sorbilite was irrelevant to whether suitable employment existed at the time of the layoffs. The fact that Forgich has been able to work continuously since April 1991 and to obtain multiple jobs during that period, interrupted only by the brief layoffs at Norshipco, is sufficient to satisfy Norshipco's burden. Moreover, there is no evidence in the record to indicate that the brief layoffs were anything other than economic in nature. Neither Forgich

4

nor any other workers with disabilities were laid off because of their disabled status.

In short, from 1991 onward, Forgich has held a series of four jobs for three employers, which demonstrates that he was capable of working and of finding and changing jobs freely. Based on this evidence in the record, we cannot say that there was a lack of substantial evidence from which the ALJ could have concluded that Forgich was able to engage in substantial gainful employment after his injury. See Tann, 841 F.2d at 543; 33 U.S.C. § 921(b)(3) ("findings of fact in the decision under review . . . shall be conclusive if supported by substantial evidence in the record considered as a whole").

For the foregoing reasons, the decision of the Benefits Review Board is

AFFIRMED.

5