**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NORFOLK SHIPBUILDING & DRYDOCK
CORPORATION,
Petitioner,

v.

No. 98-2339

CARL HORD; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(97-1437)

Argued: September 22, 1999

Decided: October 19, 1999

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Petition for review denied by published opinion. Judge Wilkins wrote
the opinion, in which Judge Williams and Judge Motz joined.

_____

**COUNSEL**

**ARGUED:** Robert Alan Rapaport, CLARKE, DOLPH, RAPAPORT,
HARDY & HULL, P.L.C., Norfolk, Virginia, for Petitioner. John
Harlow Klein, MONTAGNA, KLEIN & CAMDEN, L.L.P., Norfolk,
Virginia, for Respondent Hord. Laura Jessica Stomski, UNITED

STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director. **ON BRIEF:** Dana Adler Rosen, CLARKE, DOLPH, RAPAPORT, HARDY & HULL, P.L.C., Norfolk, Virginia, for Petitioner. Judith E. Kramer, Deputy Solicitor of Labor, Carol A. De Deo, Associate Solicitor for Employee Benefits, Janet R. Dunlop, Counsel for Longshore, Sandra Falzone, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director.

_____

**OPINION**

WILKINS, Circuit Judge:

Norfolk Shipbuilding and Drydock Corporation (Norshipco) petitions for review of an order of the United States Department of Labor Benefits Review Board (the Board) reversing an administrative law judge's (ALJ) denial of longshore and harbor workers' compensation to Carl Hord.[1] Because we conclude that the Board correctly determined that Norshipco did not satisfy its burden of establishing that suitable alternative employment was available to Hord, we deny the petition.

I.

Hord's left arm and hand were injured in the course of his employment at Norshipco on October 25, 1992. After undergoing surgery and physical therapy, Hord returned to a light-duty position at Norshipco in late 1993. On March 27, 1995, when Hord had reached maximum medical improvement, his physician determined that the injury had resulted in a 20 percent permanent impairment of Hord's arm and hand. Norshipco voluntarily paid various periods of temporary disability compensation and permanent compensation for the 20 percent impairment of Hord's arm and hand.

_____

[1] The Director of the Office of Workers' Compensation Programs is also a Respondent in this case. For ease of reference, we refer to Respondents collectively as "Hord."

Hord was laid off from the light-duty position on March 18, 1996; he was recalled to the same position on May 6, 1996. Hord subsequently applied for total disability compensation under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C.A. §§ 901-950 (West 1986 & Supp. 1999), for the seven weeks he was laid off. The ALJ denied Hord's claim on the reasoning that (1) Norshipco had not chosen to lay off Hord because of his physical restrictions and (2) the fact that Hord actually worked in the light-duty position prior to the layoff proved that employment "was realistically and regularly (if not absolutely always) available" to Hord. J.A. 106. Hord appealed to the Board, which reversed the ALJ's denial of his claim.

## II.

The LHWCA authorizes compensation to workers injured in the course of their employment. The Act provides compensation not for the injury itself, but for the economic harm suffered as a result of the decreased ability to earn wages. See Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 126 (1997). To gain an award of benefits for total disability under the Act, a claimant must first establish a prima facie case by demonstrating that he cannot perform his prior employment due to the effects of a work-related injury. See Universal Maritime Corp. v. Moore, 126 F.3d 256, 264 (4th Cir. 1997). Once a prima facie case has been established, the burden shifts to the employer to demonstrate "the availability of suitable alternative employment which the claimant is capable of performing." Brooks v. Director, Office of Workers' Compensation Programs, 2 F.3d 64, 65 (4th Cir. 1993) (per curiam). An employer may satisfy its burden in two ways. First, the employer may itself make available to the injured employee suitable alternative employment. See Darby v. Ingalls Shipbuilding, Inc., 99 F.3d 685, 688 (5th Cir. 1996); cf. Brooks, 2 F.3d at 65 (noting that employer's burden "can be met by showing a suitable job that the claimant actually performed after his injury"). Second, the employer may demonstrate that suitable alternative employment is available to the injured worker in the relevant labor market. See See v. Washington Metropolitan Area Transit Auth., 36 F.3d 375, 380-84 (4th Cir. 1994). To make the latter showing, "an employer must present evidence that a range of jobs exists which is reasonably available and which the disabled employee is realistically able to secure and per-

3

form." Lentz v. Cottman Co., 852 F.2d 129, 131 (4th Cir. 1988). However, the employer does not need to point to specific job openings to demonstrate the reasonable availability of suitable alternative employment in the open labor market. See Avondale Shipyards, Inc. v. Guidry, 967 F.2d 1039, 1043-45 (5th Cir. 1992). If the employer satisfies its burden in the second-described manner, by referencing the external labor market, the claimant may counter by demonstrating that he diligently but unsuccessfully sought appropriate employment. See Newport News Shipbuilding & Dry Dock Co. v. Tann, 841 F.2d 540, 542 (4th Cir. 1988).

We review an order of the Benefits Review Board for errors of law and for adherence to the statutory standard set forth in 33 U.S.C.A. § 921(b)(3).[2] See Gilchrist v. Newport News Shipbuilding & Dry Dock Co., 135 F.3d 915, 918 (4th Cir. 1998). Our review is de novo, and we accord no deference to the Board's legal interpretations of the LHWCA. See id.

The parties agree that Hord established a prima facie case of total disability for the seven-week layoff period because Hord was unable to perform his pre-injury employment duties due to the effects of the injury. The contested issue is whether, in response to the prima facie case, Norshipco satisfied its burden of demonstrating that suitable alternative employment was available to Hord during the layoff. Norshipco argues that it satisfied this burden by pointing to the light-duty position that it made available to Hord after his injury. Hord contends that Norshipco cannot satisfy its burden by pointing solely to the light-duty position because Norshipco's burden necessarily includes establishing the availability of suitable alternative employment, and the light-duty position was not available during the layoff period.[3]

_____

[2] Norshipco does not assert that the Board failed to adhere to the statutory standard found in 33 U.S.C.A. § 921(b)(3). Thus, we limit our review to the alleged errors of law committed by the Board.

[3] Norshipco also argues that Hord is not entitled to compensation for the layoff period because the decision to lay Hord off was unrelated to his injury. It notes that the layoff was necessitated by economic circumstances and that Hord was not targeted for the layoff because of his injury-induced physical restrictions. Norshipco's proffer of the economic and nondiscriminatory nature of its decision to lay Hord off is not

4

We note that neither party argued below or on appeal that the light-duty position was unsuitable for Hord, or that the position did not constitute an alternative to Hord's pre-injury employment. Thus the narrow issue to be addressed is whether, when a partial disability LHWCA claimant establishes a prima facie case of total disability during a layoff period, an employer may satisfy its burden of demonstrating the availability of suitable alternative employment by pointing to the post-injury internal employment subjected to the layoff.

We hold that the employer cannot satisfy its burden in this manner. Although, as we have explained, an employer may satisfy its burden by making available to the injured employee a suitable internal alternative to the pre-injury employment, see Darby , 99 F.3d at 688, Norshipco plainly made the internal alternative position unavailable to Hord when it laid him off. Therefore, Norshipco cannot satisfy its burden by pointing to that position. We note that this is the result advocated by the Director of the Office of Workers' Compensation Programs, to whose reasonable interpretation of the LHWCA we accord some deference. See Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co., 8 F.3d 175, 179 (4th Cir. 1993), aff'd, 514 U.S. 122 (1995).

We do not view the result in this case as implying that an employer necessarily becomes liable for LHWCA total disability compensation when it lays off a permanent partial disability claimant from a post-injury position made available to the worker by the employer. Nor is an employer's method of satisfying its burden limited to making another light-duty job available to such a worker during the layoff. However, in order to rebut a worker's prima facie case that the worker was totally disabled during a layoff period, an employer must do more than point only to the one internal light-duty job that the

_____

responsive to its burden of demonstrating that Hord had the capacity to earn wages in suitable alternative employment which was reasonably available to Hord. Such a proffer does not demonstrate either that Norshipco made a suitable alternative position available to Hord internally, or that there was a range of jobs reasonably available in the relevant labor market which Hord realistically could secure and perform. See Darby, 99 F.3d at 688; Lentz, 852 F.2d at 131.

5

employee held prior to being laid off. In the context of a layoff from internal post-injury employment, as with all claims of total disability under the LHWCA, an employer can satisfy its burden by demonstrating that there exists a range of jobs which the worker is realistically capable of securing and performing and which are reasonably available in the open market. See Lentz, 852 F.2d at 131.

III.

Because we conclude that Norshipco failed to satisfy its burden of demonstrating the availability of suitable alternative employment during the layoff period, we conclude that the Board correctly determined that Hord was entitled to total disability compensation for that period.[4] Accordingly, we deny Norshipco's petition for review.[5]

PETITION FOR REVIEW DENIED

_____

[4] Norshipco noted repeatedly during oral argument that Hord's injury was a "scheduled injury." See 33 U.S.C.A. § 908(c)(1)-(20); Potomac Elec. Power Co. v. Director, Office of Workers' Compensation Programs, 449 U.S. 268, 269-71 (1980) [hereinafter PEPCO]. The fact that Hord's injury was a scheduled one was relevant only for the purpose of determining his permanent partial disability compensation. As this case concerns Hord's claim for total disability compensation, the scheduled nature of his injury is not relevant here. See DM & IR Ry. v. Director, Office of Workers' Compensation Programs, 151 F.3d 1120, 1122 (8th Cir. 1998); see also PEPCO, 449 U.S. at 273-74 & n.8 (noting the distinct nature of the four types of disability for which the LHWCA provides recovery and describing the methods of computing compensation for each disability type).

[5] In light of this disposition, we need not address Hord's argument that he diligently but unsuccessfully attempted to obtain suitable alternative employment during the layoff period.

6