# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2013

No. 12-60180
Summary Calendar

Lyle W. Cayce
Clerk

RALPH COX

Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, U.S. DEPARTMENT OF LABOR;
AND NORTHROP GRUMMAN SHIP SYSTEMS, INC.

Respondents

Petition for Review of an Order
of the Benefits Review Board
BRB No. 09-0176

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Petitioner Ralph Cox appeals the decision of the Benefits Review Board denying his claim for benefits by upholding the Administrative Law Judge's denial of his Motion for Modification and grant of Northrop Grumman Ship Systems, Inc.'s Motion for Summary Decision denying Cox's Second Motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60180

Modification. Because those decisions are supported by substantial evidence and in accordance with the applicable law, we affirm.

I.

Cox was injured in 2004 while employed as an electrician by Northrop Grumman Ship Systems, Inc. ("Employer"). The ALJ decided his workers' compensation claim under the Longshoremen's and Harbor Workers' Compensation Act on August 8, 2006. The ALJ found Cox permanently and totally disabled, with permanent restrictions of medium duty work with lifting and push/pull restrictions. On August 22, 2006, Employer offered Cox a restricted duty position in his former occupation as an electrician, in his former department, earning the same or better pay than he was earning at the time of his injury. The letter to Claimant required him to report to work by September 12, 2006, or face termination. Although the certified letter to Claimant was unclaimed, his attorney received a copy. Cox did not report to work and was terminated in accordance with company policy and the union contract.

In January 2007, Employer filed a Motion for Modification of its obligation to pay benefits to Cox. In July 2007 after a hearing, the ALJ granted the motion, finding that Employer's obligation to pay permanent and total disability to Cox ceased as of September 12, 2006, when Employer's offer of suitable employment expired. Cox did not appeal that decision.

In August 2007, Cox reapplied for work with employer. Because he had been fired for cause, Cox lost his seniority and was treated as a new hire, rather than as a return-to-work candidate. Cox was initially rejected for employment as a regular duty electrician.

Cox then filed a Motion for Modification, alleging that Employer's refusal to hire him equated to a change in economic condition or established that Employer had not had suitable alternative employment for him in September 2006. While this motion was pending, Cox was hired by Employer in a restricted

2

No. 12-60180

duty position from October 2, 2007 until December 12, 2007, when there was no longer any work suitable for Cox's restrictions. The ALJ denied Cox's Motion for Modification on September 29, 2008. The ALJ found that there was no change in condition warranting modification as Employer was under no obligation to rehire Cox because he had been terminated for cause and Cox failed to show that there was no suitable employment.

In October 2008, Cox filed a Motion for Reconsideration and Motion to Strike alleged hearsay testimony of Michelle Edwards. Michelle Edwards testified as Employer's return to work coordinator regarding her investigation into Cox's allegations that he could not perform his job in 2007. The ALJ denied both motions. While the Appeal was pending, Cox requested a remand for a Modification in response to which Employer filed a Motion for Summary Decision. The ALJ granted Employer's Motion for Summary Decision and the appeal was reinstated before the BRB.

The BRB affirmed the ALJ's denial of Cox's Motion for Modification, Motion for Reconsideration and Motion to Strike. It also affirmed the order granting Employer's Motion for Summary Decision denying Cox's Motion for Modification and denying Cox's Motion for Reconsideration. Cox timely appealed.

## II.

This court must affirm the decision of the BRB upholding the decision of the ALJ if it is supported by substantial evidence and in accordance with the law. *Darby v. Ingalls Shipbuilding*, 99 F.3d 685, 688 (5th Cir. 1996).

Cox argues that (1) there was a mistake of fact with regard to his termination in 2006 warranting modification; (2) his 2006 termination was not valid; (3) Employer's failure to accept his late attempt to report to work in 2006 warrants a modification; (4) Employer's refusal to rehire him in August 2007 constituted a change in economic condition warranting modification; and (5)

No. 12-60180

Employer's failure to have a suitable position available in December 2007 constitutes a change in condition warranting modification.

Addressing the first three issues, the validity of Cox's termination and whether the position offered by Employer to Cox in August 2006 was suitable was decided by the ALJ in July 2007 and was not appealed. Those issues are not before the court in this appeal.

Addressing the remaining issues, the ALJ did not err denying Cox's Motion for Modification or granting Employer's Motion for Summary Decision denying Cox's Second Motion for Modification. Under the LHWCA, once the claimant has established that he is unable to return to his former employment due to a work-related injury, the burden shifts to the employer to demonstrate that the claimant retains the capacity to earn wages in a regular job by showing the availability of suitable alternative employment which the claimant is capable of performing. *Brooks v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor,* 2 F.3d 64, 65 (4th Cir. 1993). When an employer offers of a suitable job within the partially disabled claimant's current place of work, that is sufficient to discharge the employer's burden of establishing suitable employment. *Darby v. Ingalls Shipbuilding, Inc.,* 99 F.3d 685, 688 (5th Cir. 1996). If a claimant loses suitable employment due to his own misconduct, any loss in his wage-earning capacity thereafter is not compensable under the Act as it does not result from the work-related incident. *Brooks*, 2 F.3d at 66.

In this case, Employer offered Cox a suitable alternative position earning his pre-injury wages. If Cox had accepted the position, he would not have any loss of wage earning capacity and would not be entitled to disability. Since Employer offered suitable employment at Cox's original place of work and Cox lost the job due to his misconduct (failure to report), Employer is no longer required to show other suitable alternative employment or that Cox can earn wages in the open market. Employer's decisions not to hire Cox in August 2007

4

No. 12-60180

and to place him on medical leave of absence in December 2007 do not warrant modification of the ALJ's July 2007 order, because at those times Employer had no obligation to provide suitable alternative employment. Cox's arguments about the admissibility, suitability or reliability of the testimony of Michelle Edwards in regards to the same are therefore irrelevant.

## III.

Based on the foregoing, we AFFIRM.