**CAJUN TUBING TESTORS, INC.,** Employer **and Pacific Marine Insurance Company, Carrier, Petitioners,**

v.

**Sandres HARGRAVE and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 91–4463
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 1992.

was a legitimate part of the assumption agreement.

Andrew H. Meyers, Preis & Kraft, Lafayette, La., for petitioners.

Samuel J. Oshinsky, Carol DeDeo, Assoc. Solicitor, U.S. Dept. of Labor, Washington, D.C., for Director.

Lisa L. Lahrman, Clerk BRB, Dept. of Labor, Washington, D.C., for other interested parties.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:

Cajun Tubing Testors, Inc. and Pacific Marine Insurance Co. seek review of a decision of the Department of Labor's Benefits Review Board dismissing their application for section 8(f) relief. 33 U.S.C. § 908(f). The sole issue before us is whether the deputy commissioner was entitled to dismiss petitioners' application because it was not timely filed within the meaning of 20 C.F.R. § 702.321(b). Because the applica-

tion was properly dismissed, we deny the petition.

### I

In May of 1984, claimant Sandres Hargrave suffered a back injury in the course of his employment, resulting in disability. He filed a claim for benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* Hargrave's employer and its insurance carrier, petitioners here, admitted liability and voluntarily paid all compensation and medical expenses due to Hargrave.

Petitioners then sought relief under § 8(f) of the Act, which provides that where an employee has a preexisting permanent partial disability, and then is injured and disabled totally and permanently at least in part because of his prior disability, the employer's liability may be limited to 104 weeks of coverage. 33 U.S.C. § 908(f). The remainder of the employee's benefits are to be paid out of a special fund. *Id.* The purpose of this provision is to encourage the employment of handicapped workers, by protecting an employer who hires a handicapped worker from paying total disability and compensation for an injury that would have been a partial disability but for preexisting conditions. *See Lawson v. Suwanee Fruit & Steamship Co.,* 336 U.S. 198, 202, 69 S.Ct. 503, 505, 93 L.Ed. 611 (1949).

In March of 1988, the assistant deputy commissioner of the Office of Workers' Compensation Programs (OWCP) sent petitioners a deficiency notice because they had failed to provide certain medical and vocational reports necessary to process their § 8(f) application. The notice stated that petitioners would have 60 days to submit a fully documented application. Petitioners did not submit a revised application until September of 1988, well after the 60 day deadline.

Section 8(f) specifically states that a request for apportionment of liability to the special fund, and a statement of the

grounds therefor, "shall be presented to the deputy commissioner prior to the consideration of the claim by the deputy commissioner. Failure to present such request prior to such consideration shall be an absolute defense to the special fund's liability for the payment of any benefits in connection with such claim...." 33 U.S.C. § 908(f)(3). In implementing this statutory mandate, the Director of the OWCP established a regulation that states that "failure to submit a fully documented application by the date established by the deputy commissioner shall be an absolute defense to the liability of the fund." 20 C.F.R. § 702.-321(b)(3).[1] The deputy commissioner asserted this defense to liability, and petitioners requested review by an administrative law judge. The ALJ dismissed their request for relief, and the Benefits Review Board affirmed. Petitioners now seek relief in this court.

### II

■ Petitioners argue that the deputy commissioner is precluded from raising the defense of failure to submit a fully documented application because permanency of disability was not an issue before the deputy commissioner. They rely on language in § 702.321(b)(3) which states that "[t]he absolute defense will not be raised where permanency was not an issue before the deputy commissioner." Furthermore, § 702.321(b)(1) refers to "informal conferences" at which the issue of permanency may be raised and deadlines for submission of applications established. Petitioners contend that the deputy commissioner lacked authority to set an arbitrary deadline for submission of an application because no informal conference was held.

We disagree. Petitioners have taken language in the regulation out of context. Section 702.321(b)(3) states in full that

Where the claimant's condition has not reached maximum medical improvement and no claim for permanency is raised by the date the case is referred to the

---

1. We apply the 1988 version of the regulation, since it was in force at the time the events in this case occurred. The current version of the regulation substitutes the term "district director" for "deputy commissioner." *See* 20 C.F.R. § 702.321 (1991).

OALJ, an application need not be submitted to the deputy commissioner to preserve the employer's right to later seek relief under section 8(f) of the Act. In all other cases, failure to submit a fully documented application by the date established by the deputy commissioner shall be an absolute defense to the liability of the special fund. This defense is an affirmative defense which must be raised and pleaded by the Director. The absolute defense shall not be raised where permanency was not an issue before the deputy commissioner. In all other cases, where permanency has been raised, the failure of an employer to submit a timely and fully documented application for section 8(f) relief shall not prevent the deputy commissioner, at his/her discretion, from considering the claim for compensation and transmitting the case for formal hearing. The failure of an employer to present a timely and fully documented application for section 8(f) relief may be excused only where the employer could not have reasonably anticipated the liability of the special fund prior to the consideration of the claim by the deputy commissioner. Relief under section 8(f) is not available to an employer who fails to comply with section 32(a) of the Act, 33 U.S.C. 932(a).

The regulation's meaning becomes clear when read in its entirety. Failure to file a fully documented application is acceptable only when there are reasons that the employer could not have foreseen that it had a § 8(f) claim before consideration of the case by the deputy commissioner. The regulation offers an example of such a situation—when claimant's condition has not yet reached maximum medical improvement and therefore the employer's potential claim of permanency of disability is as yet unripe.

▮ We think the language that "the absolute defense shall not be raised when permanency is not an issue before the deputy commissioner" means simply that an employer need not file a § 8(f) application with the deputy commissioner unless he has reason to believe that the claimant has suffered permanent disability. This interpretation conforms to part (b)(1) of this regulation, which states that "[a] request for section 8(f) relief should be made as soon as the permanency of the claimant's condition becomes known or is an issue in dispute. This could be when benefits are first paid for permanent disability, or at an informal conference held to discuss the permanency of the claimant's condition." An employer is clearly obligated to submit a claim when it knows that it has such a claim.

▮ Petitioners seem to argue that permanency was not "an issue before the deputy commissioner" because no conference was held by the deputy commissioner on the matter. This argument is without merit. The language quoted above demonstrates that an informal conference is only one of several events that could give rise to an obligation to submit a fully documented § 8(f) application. Payment of permanent disability benefits is another. Knowledge of permanent disability is another. Nor can we agree with petitioners that the deputy commissioner can set a deadline for submission of an application only in connection with an informal conference. Part (b)(2) of the regulation contemplates situations in which a deadline for submission of a fully documented application will be required even though a conference has not been held. After the setting of deadlines in connection with informal conferences is discussed, the regulation states that "[i]n fixing the date for submission of the application *under circumstances other than described above* ..., the deputy commissioner shall consider the circumstances of the case...."

The purpose of setting deadlines under § 702.321 is to require employers to raise their § 8(f) claims early in the claims adjudication process, so that the deputy commissioner can evaluate them and defend against them when necessary. *See* 51 Fed. Reg. 4270, 4278 (February 3, 1986). To allow employers to submit inadequately documented applications and disregard deadlines set by the deputy commissioner for their completion would frustrate this

purpose. Although the absolute defense to liability should not be invoked where the necessary evidence was inaccessible to the employer, *see id.* at 4279, petitioners here do not argue that the missing documentation was not available. At the very least, petitioners were required to ask for an extension if they were having difficulty obtaining the relevant materials.

This is not a situation where an employer could not have anticipated his obligation to file an application. Nor is it accurate that no claim of permanency was raised. Rather, the petitioners filed an application and asserted the permanency of the disability, but failed to provide adequate documentation within the time period set by the deputy commissioner. The deputy commissioner clearly gave petitioners adequate notice of the 60 day deadline. Petitioners failed to meet the deadline and neglected to apply for an extension. Their request for § 8(f) relief was properly dismissed.

PETITION DENIED.