**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Petitioner,

v.

No. 96-2626

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY; EDITH ELLIOT,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(95-1949)

Argued: December 1, 1997

Decided: January 28, 1998

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Remanded by published opinion. Judge Motz wrote the opinion, in
which Judge Luttig and Judge Williams joined as to part IV. Judge
Williams wrote an opinion concurring in the judgment, in which
Judge Luttig joined.

_____

**COUNSEL**

**ARGUED:** Arthur F. Rosenfeld, UNITED STATES DEPARTMENT
OF LABOR, Washington, D.C., for Petitioner. James Melvin Mes-
nard, SEYFARTH, SHAW, FAIRWEATHER & GERALDSON,

Washington, D.C., for Respondents. **ON BRIEF:** J. Davitt McAteer, Acting Solicitor of Labor, Carol A. DeDeo, Associate Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Petitioner.

_____

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

The Director of the Office of Workers' Compensation Programs, United States Department of Labor, seeks review of a determination by an administrative law judge (ALJ), granting Newport News Shipbuilding and Dry Dock Company special fund relief under § 8(f) and § 44 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 908(f) and § 944 (West 1986 & Supp. 1997) (the Act). Because the ALJ failed to make the findings necessary to grant Newport News' application for special fund relief, we remand to the ALJ for further proceedings consistent with this opinion.

I.

On July 8, 1988, Edith Elliot, a Newport News employee, sustained injuries to her left knee and thigh while at work. An orthopedic surgeon treated Elliot for her injuries and rated her as having a 5% permanent partial disability. Newport News voluntarily paid Elliot workers' compensation benefits for this permanent partial disability.

Several years later, Elliot filed for additional compensation from Newport News, contending she was permanently and totally, as opposed to partially, disabled due to the injuries she sustained on July 8, 1988. At that time, Newport News requested relief under § 8(f) of the Act, 33 U.S.C.A. § 908(f). This provision entitles an employer to be relieved from responsibility for some of the benefits due an employee if the employer can demonstrate that (1) the employee suffered a permanent partial disability at the time she became employed with the employer, (2) the pre-existing disability was manifest to the employer when it hired the employee and (3) the pre-existing disability contributed to the permanent total disability caused by the work-

2

related injury. See, e.g., Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co. , 676 F.2d 110, 114 (4th Cir. 1982). When an employer succeeds on a § 8(f) claim, the employer is only responsible for 104 weeks of compensation. See 33 U.S.C.A. § 908(f)(1). A claimant receives the remainder of her workers' compensation benefits from a special fund established under the Act. See 33 U.S.C.A. § 944.

In petitioning for § 8(f) relief, Newport News claimed that at the time Elliot was hired, she suffered from a hearing loss of which the company had knowledge and which permanently and partially disabled her. The company further asserted that this hearing loss contributed to Elliot's permanent total disability caused by her July 1988 work-related injury. The district director denied Newport News' § 8(f) application. Newport News appealed to the ALJ. The Director asserts, and Newport News does not contest, that the day before the scheduled ALJ hearing, Newport News changed the grounds for its § 8(f) application: the company submitted a letter from a physician opining that Elliot's pre-existing disability was a chronic back condition sustained during a car accident prior to Elliot's employment with Newport News, not the hearing loss that Newport News had earlier claimed.

At the ALJ hearing, the Director asserted the "absolute defense" against special fund liability provided under the statute when an employer fails to present his application for § 8(f) relief to the district director. The Director contended that Newport News' initial application for § 8(f) relief based on one ground-- Elliot's hearing loss (the only application submitted to the district director)-- did not constitute "present[ation]" of the employer's application for § 8(f) relief based on an entirely different ground -- Elliot's back condition. The Director maintained that to overcome the special fund's absolute defense to an untimely 8(f) claim, Newport News had to demonstrate that it "could not have reasonably anticipated prior to consideration of the claim by the district director" the special fund's liability for § 8(f) relief based on Elliot's back injury. 33 U.S.C.A. § 908(f). The ALJ rejected the Director's legal argument. The ALJ reasoned that Newport News' initial timely filing for § 8(f) relief before the district director on one ground permitted it to seek § 8(f) relief before the ALJ on an entirely different ground, without demonstrating that it

3

"could not have reasonably anticipated" the new ground at the time of the initial filing.

The ALJ originally found that Newport News failed to prove that Elliot's back injury contributed to her permanent disability. After Newport News moved for reconsideration, the ALJ permitted Newport News to depose Elliot's treating physician for a second time. On the basis of this deposition, the ALJ reversed himself, finding Newport News entitled to § 8(f) relief because Elliot's back injury contributed to her total disability. The Director appealed the ALJ's decision to the Benefits Review Board. When the Board failed to rule on the ALJ's determination within twelve months, the ALJ's decision was affirmed by operation of law. See Pub.L.No. 104-134, tit. I, § 101(d), 110 Stat. 1321-219 (1996).

The Director then filed this appeal. He does not challenge the ALJ's determination on the merits. Rather, the Director confines his appeal to the procedural questions stemming from Newport News' failure to file a timely request for § 8(f) relief on the basis of Elliot's back injury.

II.

Section 8(f) provides the procedure to be followed when an employer requests relief from the special fund:

> Any request . . . for apportionment of liability to the special fund . . . and a statement of grounds therefore, shall be presented to the [district director] prior to the consideration of the claim by the [district director]. Failure to present such request prior to such consideration shall be an absolute defense to the special fund's liability for the payment of any benefits in connection with such a claim, unless the employer could not have reasonably anticipated the liability of the special fund prior to the issuance of a compensation order.

33 U.S.C.A. § 908(f)(3) (emphasis added). The implementing regulations further provide:

4

> (1) A request for section 8(f) relief should be made as soon as the permanency of the claimant's condition becomes known or is an issue in dispute. . . .
>
> (3) . . . [f]ailure to submit a fully documented application by the date established by the district director shall be an absolute defense to the liability of the special fund. .. . The failure of an employer to present a timely and fully documented application for section 8(f) relief may be excused only where the employer could not have reasonably anticipated the liability of the special fund prior to the consideration of the claim by the district director.

20 C.F.R. § 702.321(b)(1), (3).

The Act and regulations therefore establish that an employer's failure to present a § 8(f) claim to the district director provides the special fund an "absolute defense" against § 8(f) relief "unless the employer could not have reasonably anticipated the liability of the special fund" before the district director considered the claim.

The ALJ concluded that the special fund was not entitled to the absolute defense in this case because the employer's assertion of a § 8(f) claim on one ground -- hearing loss-- sufficed to establish a § 8(f) claim on another ground -- back injury. The ALJ reasoned:

> It is true that failure to present a request for 8(f) relief to the [district director] prior to consideration of the claim by that officer constitutes an absolute defense to the special funds [sic] liability. However, the act is silent on whether the employer can change theories in mid stream. . . .
>
> [I] agree with the Employer that to limit an employer to its original theory for section 8(f) relief would unfairly and unreasonably nullify the discovery tool in any case involving section 8(f) relief. Therefore, absent existing case law to the contrary, I decline to extend the language of section 8(f)(3) to prohibit a change in theory once the application has been filed.

5

The Director contends that the ALJ's ruling constituted legal error. Specifically, the Director maintains that when an employer files a § 8(f) application before the district director on one ground, and then asserts before the ALJ an entirely new ground for § 8(f) relief, the employer must demonstrate that, with respect to the new ground, it could not "have reasonably anticipated the liability of the special fund" before the district director considered the claim. 33 U.S.C.A. § 908(f)(3).

III.

The plain language of § 8(f) does not squarely address the question of whether an employer's request to the district director for § 8(f) relief on one basis entitles the employer to assert a new ground for § 8(f) relief before the ALJ, without any showing that the employer could not earlier have reasonably anticipated the liability of the fund on the new ground. To be sure, § 8(f) does state that "[a]ny request . . . for apportionment of liability to the special fund . . . and a statement of the grounds therefore, shall be presented to the [district director] prior to the consideration of the claim by the [district director]." (Emphasis added.) But the statute does not expressly provide that once an employer files a § 8(f) application, complete with grounds for the claim, the employer is prohibited -- without satisfactory explanation -- from later changing the grounds of its claim and resting on grounds wholly different than those asserted in the original application.

If "Congress has not addressed the precise question at issue," which would, of course, end the inquiry, we look to the Director's interpretation of the Act for guidance, provided that it is "based on a permissible construction of the statute." Newport News Shipbuilding and Dry Dock Co. v. Howard, 904 F.2d 206, 209 (4th Cir. 1990). As long as the Director's interpretation does not contravene the Act, we "may not substitute [our] own construction of a statutory provision for a reasonable one made by an agency." Id.; see also Zapata Haynie Corp. v. Barnard, 933 F.2d 256, 258 (4th Cir. 1991) (we should adopt the Director's interpretation "unless it is unreasonable or contrary to Congressional intent"). In this case, the Director's interpretation both comports with Congressional intent and makes good sense.

6

As to Congressional intent, we note that, prior to 1984, § 8(f) contained no explicit restrictions on the time for raising a claim for relief. See Universal Maritime Corp. v. Moore, 126 F.3d 256, 266 (4th Cir. 1997) (discussing history of § 8(f) and amendments). Under this earlier version of the law, employers would wait until the formal ALJ hearing to raise 8(f) claims. Often employers asserted a claim for § 8(f) relief for the first time before the ALJ, where the claim would go uncontested by the Director, who was not represented before the ALJ and thus had no knowledge of the claim. Id.  To afford the Director the opportunity to "evaluate" claims at the outset and then "defend" against special fund claims before the ALJ, Congress amended § 8(f) to require that claims be filed first with the district director. Id.; see also 51 Fed. Reg. 4270, 4278 (Feb. 3, 1986). By mandating that employers bring § 8(f) claims at the initial stage, Congress sought to "end the practice of [employers] first raising the section 8(f) issue at the ALJ level, where it could often go unnoticed and uncontested . . . [by the district director]." 51 Fed. Reg. at 4278.[1] The Director's interpretation of the Act clearly accords with and furthers this intent.

This interpretation is also entirely reasonable. Congress established § 8(f)'s timing requirement to ensure that the district director had a full and fair opportunity to defend the special fund from a § 8(f) claim; this opportunity logically must entail defending against the grounds for the claim. Indeed, the statute expressly provides that any request for § 8(f) relief is to be accompanied by "a statement of grounds therefore." When an employer files with the district director an application for § 8(f) relief based on one ground, that application is of little assistance to the district director in defending against the employer's request for relief on a wholly unrelated ground.

_____

[1] Accordingly, the regulations implementing § 8(f) place the burden on the employer to request § 8(f) relief "as soon as the permanency of the claimant's condition becomes known or is an issue in dispute." 20 C.F.R. § 702.321 (b)(1) (emphasis added). "An employer is clearly obligated to submit a claim when it knows that it has such a claim." Cajun Tubing Testors, Inc. v. Hargrave, 951 F.2d 72, 74 (5th Cir. 1992). Importantly, this rule "assure[s] that all factual issues are known and subject to litigation at the same time." Washington Soc'y for the Blind v. Allison, 919 F.2d 763, 768 n.34 (D.C. Cir. 1991) (internal quotations omitted).

7

IV.

Newport News filed a § 8(f) claim with the district director based on Elliot's hearing loss, but it failed to do so with respect to Elliot's back injury. Accordingly, when Newport News finally did raise its § 8(f) claim based on Elliot's back injury at the formal ALJ hearing, the ALJ was obligated to credit the Director's absolute defense unless the ALJ found that Newport News could not have reasonably anticipated the liability of the fund on late-asserted ground at the time the employer filed its § 8(f) claim before the district director. The ALJ, however, failed to make the required finding. Instead he determined, erroneously, that as a matter of law an employer's timely filing of a § 8(f) claim on one ground permitted an employer at a later time to change grounds and assert an entirely different basis for § 8(f) relief.

Because the ALJ never made the required finding, indeed he made no findings relevant to this determination,[2] we must remand. Only an ALJ has the power to make the factual findings, assess the credibility of the relevant witnesses, and resolve any inconsistencies in the evidence necessary to determine if Newport News demonstrated that it could not have "reasonably anticipated" the late-asserted ground for § 8(f) relief at the time the company initially filed its application with the district director. See See v. Washington Metro. Transit Auth., 36 F.3d 375, 385 (4th Cir. 1994) (ALJ'S tasks of finding facts and making credibility determinations are "exclusive" and "nondelegable"); Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir. 1993) ("[T]he ALJ has sole power to make credibility determinations and resolve inconsistencies in the evidence.").

Because the ALJ grounded his decision to grant Newport News special fund relief on an improper interpretation of the statute, rather

_____

**2** When confronted with the ALJ's lack of findings at oral argument, Newport News contended that "implicit" in the ALJ's pronouncement is a "finding" that Newport News could not have "reasonably anticipated" Elliot's pre-existing back injury at the time it filed its § 8(f) claim based on hearing loss with the district director. Examination of the ALJ's opinion, however, demonstrates that this is not so. The ALJ offered no more than the rationale quoted in text above and failed to address any of the specific circumstances of this case.

8

than on required factual findings, we remand for further proceedings consistent with this opinion.

REMANDED

WILLIAMS, Circuit Judge, concurring in the judgment:

I agree that the ALJ erred in holding, as a matter of law, that Newport News' request for § 8(f) relief before the district director on one ground permitted Newport News to request § 8(f) relief before the ALJ on an entirely different ground. Accordingly, I concur in Part IV of the Majority Opinion. I write separately, however, to express my belief that that conclusion is compelled by the plain language of § 8(f). As a result, I do not agree with the analysis contained in Part III of the Majority Opinion.

Judge Luttig joins in this opinion.

9