**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Petitioner,

v.                                                                              No. 97-2099

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY; SAMUEL
DILLARD,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(BRB No. 96-731)

Argued: October 26, 1998

Decided: October 12, 2000

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Petition granted and case remanded with instructions by published
opinion. Judge Widener wrote the opinion, in which Judge Luttig and
Judge Williams joined.

_____

**COUNSEL**

**ARGUED:** Laura Jessica Stomski, Office of the Solicitor, UNITED
STATES DEPARTMENT OF LABOR, Washington, D.C., for Peti-
tioner. Benjamin McMullan Mason, MASON & MASON, Newport

News, Virginia, for Respondents. **ON BRIEF:** Marvin Krislov, Deputy Solicitor for National Operations, Carol A. De Deo, Associate Solicitor for Employment Benefits, Samuel J. Oshinsky, Counsel for Longshore, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Petitioner.

_____

**OPINION**

WIDENER, Circuit Judge:

This case arises from a claim for benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (the Act). The Director of the Office of Workers' Compensation Programs, United States Department of Labor, appeals the Benefits Review Board's affirmance of an administrative law judge's (ALJ) determination to grant Newport News Shipbuilding and Dry Dock Company special fund relief under § 8(f) and§ 44 of the Act, 33 U.S.C. § 908(f) and § 944. Section 908(f) is commonly called § 8(f). For the reasons stated below, we grant the petition for review and remand this case for further proceedings consistent with this opinion.

On October 30, 1987, Samuel Dillard, a Newport News employee, sustained a work-related back injury that resulted in permanent partial disability. Several years later, Dillard filed for permanent disability benefits from Newport News. On October 14, 1994 while Dillard's claim for benefits was pending before the district director, Newport News filed a timely § 8(f) claim requesting relief from full disability payments to Dillard. Section 8(f) entitles an employer to limit partially its responsibility for benefits due to an employee if the employer can demonstrate that the employee suffered a permanent partial disability, the pre-existing disability was manifest to the employer when it hired the employee, and the pre-existing disability contributed to the permanent total disability caused by the work related injury. See Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co. , 676 F.2d 110, 114 (4th Cir. 1982); cf. Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co. , 134 F.3d 1241, 1243 (4th Cir. 1998). If the employer's § 8(f) claim is success-

2

ful, then the employer is only responsible for 104 weeks of compensation. See 33 U.S.C. § 908(f)(1). The remainder of a claimant's workers' compensation benefits are paid from a special fund established under the Act. See 33 U.S.C. § 944.

Newport News based its § 8(f) claim on Dillard's pre-existing hearing loss and left-foot injury. The district director denied Newport News' § 8(f) application, and the matter was referred to an ALJ. On March 14, 1995, a formal hearing was held before the ALJ to resolve the issues of Dillard's entitlement to permanent disability benefits and Newport News' right to § 8(f) relief. Subsequent to this formal hearing Newport News filed a medical report and asserted, for the first time, that entitlement to § 8(f) relief was also based on Dillard's pre-existing back condition in addition to his hearing loss and foot injury. Newport News does not contest that it asserted Dillard's back condition as a new ground for § 8(f) relief following the district director's consideration of the claim and the formal hearing before the ALJ.

In response to Newport News' assertion of Dillard's back condition as a ground for § 8(f) relief, the Director filed a post-hearing brief in which it raised what is called the "absolute defense" against special fund liability. The absolute defense applies when an employer fails to present its claim for § 8(f) relief to the district director. See 33 U.S.C. § 908(f)(3). The Director argued that Newport News was statutorily required to present all grounds for § 8(f) relief to the district director and that Newport News could not subsequently supplement its application with alternative grounds for relief. The Director further maintained that to defeat the absolute defense to an untimely § 8(f) claim, Newport News had the burden of demonstrating that when it initially filed its claim with the district director it could not have reasonably anticipated the special fund's liability for § 8(f) relief based on Dillard's back injury. The ALJ rejected the Director's legal argument and held that Newport News could add a new ground for § 8(f) relief after the district director considered the claim. The ALJ then found that Dillard's pre-existing back injury contributed to his compensable disability, thus Dillard's back condition, the late-asserted ground, served as the sole basis for § 8(f) relief, the ALJ having determined that, for lack of qualifying proof, the ankle injury and loss of hearing did not legally contribute to the disability.

3

The Director appealed to the Review Board, which affirmed the ALJ's determination that Newport News could amend its § 8(f) claim to include a new, alternative ground for relief after the district director considered the claim. The Director then filed this appeal. We consider the specific question of whether Newport News can amend its original § 8(f) claim based on Dillard's pre-existing hearing loss and foot injury to include a new ground for relief based on Dillard's pre-existing back condition subsequent to the district director's consideration of the claim.

Section 8(f) details the procedures that regulate the application process when an employer requests relief from the special fund:

> Any request . . . for apportionment of liability to the special fund . . . and a statement of grounds therefore, shall be presented to the [district director] prior to the consideration of the claim by the [district director]. Failure to present such request prior to such consideration shall be an absolute defense to the special fund's liability for the payment of any benefits in the connection with such a claim, unless the employer could not have reasonably anticipated the liability of the special fund prior to the issuance of a compensation order.

33 U.S.C. § 908(f)(3). The implementing regulations also state:

> (1) A request for section (8(f) relief should be made as soon as the permanency of the claimant's condition becomes known or is an issue in dispute . . . .

> (3) . . . [f]ailure to submit a fully documented application by the date established by the district director shall be an absolute defense to the liability of the special fund . . . The failure of an employer to present a timely and fully documented application for section 8(f) relief may be excused only where the employer could not have reasonably anticipated the liability of the special fund prior to the consideration of the claim by the district director.

4

20 C.F.R. § 702.321(b)(1), (3). The language of both the Act and the regulations creates an absolute defense against § 8(f) relief when an employer fails to present a complete § 8(f) claim to the district director, "unless the employer could not have reasonably anticipated the liability of the special fund" before the district director considered the claim.

This court recently considered the application of the absolute defense in the context of determining whether Newport News could make a wholesale substitution of one ground for § 8(f) relief for another subsequent to the district director's consideration of the claim. See Newport News, 134 F.3d 1241. We held that when Newport News substituted the new ground for relief before the ALJ, "the ALJ was obligated to credit the Director's absolute defense unless the ALJ found that Newport News could not have reasonably anticipated the liability of the fund on late-asserted ground at the time the employer filed its § 8(f) claim before the district director." See Newport News, 134 F.3d at 1245. We now confront the analogous question of whether Newport News can add a late-asserted ground for relief rather than whether it can substitute a new ground altogether.

The statutory language of § 8(f) states that "any request . . . for apportionment of liability to the special fund . . . and a statement of the grounds therefore, shall be presented to the [district director] prior to consideration of the claim by the [district director]." 33 U.S.C. § 908(f)(3). This language requires that an employer present its grounds for relief to the district director before the district director considers the claim. The provision ensures that the district director will have a full and fair opportunity to defend the fund from a § 8(f) claim. If promiscuous amendments were freely allowed the district director would never be able to defend adequately the fund against claims because employers could continually amend their claims to include new grounds for relief that the district director never had the opportunity to consider. Section 8(f)'s requirement that an employer submit a statement of the grounds for relief to the district director would be rendered meaningless if an employer could unqualifiedly and subsequently amend its § 8(f) claim after the district director originally considered it.

Here, Newport News filed its original § 8(f) claim with the district director based on Dillard's pre-existing hearing loss and foot injury.

Newport News did not raise Dillard's pre-existing back condition as a ground for relief until after the formal hearing before the ALJ. When Newport News amended its complaint to include the new ground, "the ALJ was obligated to credit the Director's absolute defense unless the ALJ found that Newport News could not have reasonably anticipated the liability of the fund on the late-asserted ground at the time the employer filed its § 8(f) claim before the district director." Newport News, 134 F.3d at 1245. Rather than credit the absolute defense, however, the ALJ erroneously determined, as a matter of law, that Newport News could amend its § 8(f) claim to include an entirely new ground for relief that the district director did not consider.

In making this decision, the ALJ stated that "to limit an employer to its original theory for section 8(f) relief would unfairly and unreasonably nullify the discovery tool in any case involving section 8(f) relief." Therefore, the ALJ concluded:

> Employer [Newport News] asserts, and the Director does not dispute, that Employer was unaware of critical information concerning Claimant's [Dillard] prior back injuries before referral of the matter to the Office of Administrative Law Judges for discovery and hearing . . . . Therefore, I find that the absolute defense is not available to the Director to defeat the Employer's section 8(f) claim as it relates to pre-existing back injuries.*

The ALJ's conclusion that Newport News was unaware of critical information, however, is not tantamount to a finding under § 8(f) that Newport News could not have reasonably anticipated Dillard's back condition as a ground for relief. Because the ALJ did not credit the absolute defense in the first place, he did not consider whether Newport News "could not have reasonably anticipated the liability of the

_____

*The ALJ relied on Elliott v. Newport News Shipbuilding and Dry Dock Co., 29 BRBS 31 (ALJ)(1994) in deciding that Newport News could add a new ground for relief. We subsequently reversed the Elliott decision in Newport News, 134 F.3d at 1245 as discussed above. Our decision in Newport News had not yet been published at the time of the ALJ's decision to deny the absolute defense.

6

special fund" based upon the evidence including medical reports that it possessed regarding Dillard's back injury at the time it filed the § 8(f) claim with the district director. In fact, the ALJ's opinion does not mention the language of § 8(f)(3) at all.

On appeal, the Review Board affirmed the ALJ's ruling. In its opinion, the Review Board stated:

> The administrative law judge in effect found that the employer's claim for Section 8(f) relief based in claimant's pre-existing back injuries was not barred pursuant to Section 8(f)(3) because the employer could not have reasonably anticipated the liability of the Special Fund with regard to these injuries because it was unaware of critical information concerning claimant's prior back injuries prior to referral of the case to the Office of Administrative Law Judges.

By the statement just above, the Review Board attributed findings to the ALJ that the ALJ himself never made regarding Newport News' claim. In denying the Director's assertion of the absolute defense the ALJ failed to consider whether Newport News could have reasonably anticipated the special fund's liability; an issue that arises once the ALJ reaches the initial conclusion that the absolute defense applies. Whatever its powers on review, the Board cannot supply in lieu of what the ALJ did not find, what he intended to find, or what he "in effect" found, rather it must deal with stated findings or the absence thereof.

Because the ALJ denied the Director's absolute defense, he never made the required finding as to whether Newport News could have reasonably anticipated the liability of the special fund as to Dillard's back injury. Therefore, we must remand as "[o]nly an ALJ has the power to make the factual findings, assess the credibility of the relevant witnesses, and resolve any inconsistencies in the evidence necessary to determine if Newport News demonstrated that it could not have reasonably anticipated the late-asserted ground for § 8(f) relief at the time the company initially filed its application with the district director." Newport News, 134 F.3d at 1246.

Because the ALJ failed to credit the Director's assertion of the absolute defense in § 8(f)(3), and the Review Board affirmed without

7

the necessary factual findings before it, we grant the petition for review, vacate the order reviewed, and remand this case to the Board for further proceedings consistent with this opinion.

PETITION GRANTED AND CASE
REMANDED WITH INSTRUCTIONS

8