*882 WILLIAMS, Circuit Judge,
dissenting.
I agree with the majority that the timeliness of Williams’s claim is governed by this circuit’s decision in Newport News Shipbldg. & Dry Dock Co. v. Parker, 935 F.2d 20 (4th Cir.1991), wherein we held that the one-year limitation period established under § 913(a) commences when the claimant “knew or had reason to know that ... [the] injury was likely to impair his earning capacity.” Id. at 27. I disagree, however, with the majority’s conclusion that the Administrative Law Judge’s (ALJ) factual findings were insufficient to support his conclusion that Williams knew of the likely impairment of his earning capacity “a[t] least as of July 22, 1996.” (J.A. at 67.) Because I believe that the BRB improperly substituted its own factual findings for those of the ALJ, I respectfully dissent.
I.
After conducting a hearing, the ALJ found “that [Williams] knew or should have known that he had degenerative disc disease and that it [was] likely to impair his capacity to earn wages, a[t] least as of July 22, 1996.” (J.A. at 67.) According to the Longshore and Harbor Workers’ Compensation Act (LHWCA), the ALJ’s factual findings “shall be conclusive if supported by substantial evidence in the record considered as a whole.” 33 U.S.C.A. § 921(b)(3) (West 2001); see also Parker, 935 F.2d at 22-23, 27 (reviewing the ALJ’s findings of fact regarding the timeliness of the claim for substantial evidence). “Substantial evidence is ‘such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.’ ” Parker, 935 F.2d at 22 (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).
Williams testified that he “first realize^]” that his back injury would cause him to “los[e] time from work” when Dr. Persons informed him that his back condition “would progressively get worse .” (J.A. at 26.) Absences from work necessarily impair earning capacity. Thus, Williams’s testimony establishes that Dr. Persons informed him of the progressive nature of his back injury and that, as of the date that Williams received this diagnosis, he subjectively was aware that his back injury likely would impair his earning capacity. Consequently, the relevant inquiry is the date on which Dr. Persons informed Williams that his back condition would get progressively worse.
Initially, Williams testified that Dr. Persons informed him of the progressive nature of his back injury “sometime in '97,” (J.A. at 26), but he then stated that he could not remember when Dr. Persons informed him that his back would continue to get worse. (J.A. at 28.) Dr. Persons’s medical reports indicated that in 1996, he diagnosed Williams as having “degenerative disc disease” requiring work restrictions. (J.A. at 66.) On July 22, 1996, Dr. Persons opined that Williams’s condition likely would “get progressively worse.” (J.A. at 66.) Based upon Dr. Persons’s medical reports, the ALJ found that Dr. Persons informed Williams of the progressive nature of his back injury by July 22, 1996, at the latest. In so finding, the ALJ stated that “it is not probable, given these [medical] opinions, that [Dr. Persons] waited until ‘sometime in '97’ to discuss with [Williams] his diagnosis. It is far more proable that Dr. Persons discussed these matters at the time of his treatment of [Williams].” (J.A. at 67.) Credibility assessments, as well as factual findings and the inferences to be drawn therefrom, are within the exclusive province of the ALJ. OWCP v. Newport News Shipbldg. & Dry Dock Co. (Dillard), 230 F.3d 126, 130 (4th Cir.2000). In light of Williams’s testimony regarding his realization that his injury would impair his earning capacity and Dr. Persons’s medical records reflecting that *883 the relevant diagnosis was rendered by July 22, 1996, there was substantial evidence to support the ALJ’s factual finding that Williams possessed the requisite level of awareness of the extent of his injury prior to August 1996 and, therefore, that Williams’s § 913 claim was untimely filed.*
I respectfully disagree with the majority’s reliance upon Parker for its contrary conclusion. In Parker, after identifying the relevant standard for determining the timeliness of a LHWCA claim, we held that there was insufficient evidence to support the ALJ’s factual finding regarding the commencement of the statute of limitations. Parker, 935 F.2d at 27. The ALJ found that the statute of limitations commenced on November 8, 1979, and that Parker’s claim, which was filed in 1988, was untimely. The only evidence presented in support of these findings was Parker’s persistent pain and a notation from Parker’s doctor dated November 8, 1978 suggesting that Parker might need surgery at a future date. Id. Significantly, we noted that there was no evidence indicating that the possibility of surgery had been communicated to Parker. Id. (“[Tjhere [was] no evidence to contradict Parker’s testimony that the possibihty [of surgery] was not conveyed to him.”). Here, however, there was substantial evidence supporting the ALJ’s determination that the progressive nature of Wilhams’s back condition was conveyed to Williams by July 22, 1996 and that Williams understood that the nature of his condition would result in a future loss of earning capacity.
II.
Insofar as the ALJ’s finding that Wilhams’s claim was untimely was supported by substantial evidence, the BRB improperly invaded the province of the ALJ by finding to the contrary. Thus, I would grant Newport News’s petition for review of the BRB’s decision and would vacate and remand with instructions to reinstate the ALJ’s decision and order denying Wilhams’s claim.

 I note that Williams’s claim would not have been speculative or otherwise improper during the one-year limitations period that I would hold is applicable, see, e.g., I.T.O. Corp. of Va. v. Pettus, 73 F.3d 523 (4th Cir.1996) (discussing speculative LHWCA claims), in that the LHWCA provides for the issuance of a nominal damages award where the claimant is disabled within the meaning of the Act but does not suffer a present loss of earning capacity. See Newport News Shipbldg. & Dry Dock Co. v. Stallings, 250 F.3d 868, 874-75 (4th Cir.2001) (discussing in detail the purpose of the nominal damages award and the procedure under the LHWCA for a disabled claimant who is not yet experiencing a loss of earning capacity). Requests for modification may be made from the issuance of the nominal damages award once the claimant experiences an actual loss in earning power. Id.