**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,

*Petitioner,*

v.

MICHAEL FIRTH; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,

*Respondents.*

No. 99-1892

On Petition for Review of an Order
of the Benefits Review Board.
(98-1172)

Argued: June 5, 2000

Decided: April 5, 2004

Before WIDENER and KING, Circuit Judges, and
Henry M. HERLONG, Jr., United States District Judge for the
District of South Carolina, sitting by designation.

Petition denied by published opinion. Judge Widener wrote the opinion, in which Judge King and Judge Herlong concurred.

## COUNSEL

**ARGUED:** Jonathan Henry Walker, MASON, COWARDIN &
MASON, Newport News, Virginia, for Petitioner. Mark A. Rein-

halter, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents. **ON BRIEF:** Henry L. Solano, Solicitor of Labor, Carol A. De Deo, Associate Solicitor for Employee Benefits, Laura J. Stomski, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

## OPINION

WIDENER, Circuit Judge:

Plaintiff employer, Newport News Shipbuilding and Dry Dock Company (Newport), seeks review of the decision of the Benefits Review Board (the Board) in *Firth v. Newport News Shipbuilding and Dry Dock Co.*, BRB No. 98-1172 (May 26, 1999). Claimant, Michael Firth,[1] had an existing order granting him benefits under the Longshore and Harbor Workers' Compensation Act (the Act), 33 U.S.C. §§ 901-950, for a 1988 work-related injury. This case stems from Firth's attempt to modify that order to grant him permanent benefits and addresses who ultimately will pay those benefits, Newport News or the special fund pursuant to 33 U.S.C. § 908(f), which relieves employers of the obligation to make benefit payments in certain circumstances. In the modification proceedings, Newport News argued that it qualified for relief under § 908(f). The Board, however, found that the District Director of the Office of Workers' Compensation Programs (the Director) was entitled to invoke the absolute defense provided in 33 U.S.C. § 908(f)(3) on behalf of the special fund. Under § 908(f)(3), an employer cannot obtain § 908(f) relief if it does not comply with mandatory procedural requirements. Thus, Newport News had to make the continuing benefit payments to Firth. We deny the petition for review for the following reasons.

---

[1]Firth is not a party to this appeal and will not be affected by its outcome. He will continue to receive benefits regardless of our disposition of this case.

## I.

Firth started working for Newport News in August, 1976 and was employed by them during all times relevant to this appeal. Firth had pre-existing health problems, including chronic neck and shoulder disability, obesity, and thoracic outlet syndrome. These health problems were compounded on August 10, 1984 when he suffered a work-related injury of falling from a crane and landing on the back of his neck. This fall resulted in a sprain of his cervical spine and the left shoulder joint. As a result of this injury, Firth suffered continuing pain in his upper extremities and neck and was subjected to light-duty restrictions on his work.

The events at issue in this case arose when Firth suffered a second work-related injury to his neck, right shoulder, and upper extremity on March 9, 1988. At the time, Firth was working in the maintenance department servicing equipment, and he struck his head against a mobile crane he was servicing. After this injury, Firth filed a claim for benefits under the Act, and the Administrative Law Judge (ALJ) awarded him continuing temporary partial disability benefits beginning on June 20, 1988. Newport News stopped paying these benefits on November 3, 1996. As a result, on December 3, 1996, Firth requested an informal conference before the Director to determine his eligibility for permanent partial disability benefits dating from November 4, 1996 and continuing. The Director scheduled the conference for January 7, 1997.

Newport News responded to the request for an informal conference with a letter to the Director dated December 10, 1996 stating, in its entirety:

> I am in receipt of Mr. [Firth's] December 3, 1996 letter requesting an informal conference on the above referenced file.

> Since this is not a matter which can be resolved at the Department of Labor level (since it involves the A.L.J.'s order) please do not schedule an informal conference and instruct Mr. [Firth] to forward his LS-18's as soon as he deems necessary.

The Director responded with a letter dated December 24, 1996 in which he cancelled the scheduled conference and noted that Firth's original request for the conference made a claim for permanent partial disability benefits. The Director concluded the letter stating:

> Inasmuch as the employer has requested the case go forward for formal hearing without the benefit of conference and has not requested [§ 908(f)] relief nor submitted a fully documented, duplicate [§ 908(f)] application as is required, the Pre-Hearing Statement, Form LS-18, filed by claimant's counsel will be forwarded for formal adjudication and the Office of Administrative Law Judges and the Solicitor advised that [the] Absolute Defense applies.

The record also reveals that Firth's doctor submitted a letter on December 10, 1996, 14 days before the Director's response, to Firth's attorney indicating that Firth had a permanent partial disability of the shoulder and that Firth had reached maximum medical improvement on October 5, 1993.

Prior to the ALJ's review of the case, the parties agreed to several stipulations, including that Firth reached maximum medical improvement on October 5, 1993, and Firth had a full time wage-earning capacity of $134 per week since November 4, 1996. After making the stipulations, Newport News informed the ALJ that the only remaining issue to be determined was Newport's entitlement to relief from continuing liability under 33 U.S.C. § 908(f). Newport News then argued it qualified for that relief in subsequent pleadings before the ALJ. The Director did not contest that Newport News qualified on the merits for § 908(f) relief. Instead, the Director argued that Newport News could not receive that relief because the Director was entitled to invoke the absolute defense contained in § 908(f)(3) of the Act, which precludes special fund liability when the employer fails to fulfill mandatory procedural requirements, because, knowing of the permanency of Firth's condition, Newport News failed to present its § 908(f) claim to the Director while the claim was before the Director and prior to the time the Director transferred the case to the ALJ.

After finding that Newport News qualified for § 908(f) relief

because of Firth's pre-existing physical condition and 1984 injury,[2] the ALJ addressed the availability of the absolute defense. *Firth v. Newport News Shipbldg. & Dry Dock Co.*, 97-LHC-732 (April 30, 1998). The ALJ determined that the Director could not claim the absolute defense because Newport satisfied the purpose of the law — to compel employers to raise the § 908(f) issue early in the claims process[3] — by applying for § 908(f) relief to the ALJ. In the ALJ's view, "no purpose is served by requiring that an application for section [908(f)] relief be presented to the [director] in a modification case once the case has been transferred to the Office of Administrative Law Judges." The ALJ awarded Newport § 908(f) relief. The Director appealed this decision to the Board.

The Board reversed, finding that the Director was entitled to the absolute defense and, therefore, that Newport could not receive § 908(f) relief. *Firth v. Newport News Shipbldg. & Dry Dock Co.*, BRB No. 98-1172 (May 26, 1999). First, the Board determined that the Act requires the same procedures for modifications of orders as for initial determinations of benefits. The Board then rested on the plain statutory and regulatory language, providing for no exception to the procedural requirements in this case, to deny Newport News § 908(f) relief. Newport News seeks review of this decision.

## II.

An employer who wishes to benefit from § 908(f) must meet strict procedural requirements so that

---

[2]The ALJ found that Firth's total disability was not a result of the 1998 neck injury alone, but that it was made "materially and substantially greater by" Firth's pre-existing physical conditions and prior injuries. Furthermore, the ALJ found that the 1998 neck injury made Firth's overall disability materially and substantially greater.

[3]See H.R. Conf. Rep. No. 98-1027, at 31 (1984), *reprinted in* 1984 U.S.C.C.A.N. 2771, 2781 ("The conferees intend by this provision to encourage employers to raise the special fund issue early in the claims adjudication process, in order to assure the [director] the opportunity to examine the validity of the employer's basis for seeking special fund relief.").

> [a]ny request . . . for apportionment of liability to the special fund . . . and a statement of the grounds therefore, *shall be presented to the [director]*[4] *prior to the consideration of the claim by the [director]. Failure* to present such request prior to such consideration *shall be an absolute defense* to the special fund's liability for the payment of any benefits in connection with such claim.

33 U.S.C. § 908(f)(3) (emphasis added). The only exception to this requirement arises if "the employer could not have reasonably anticipated the liability of the special fund prior to the issuance of a compensation order." 33 U.S.C. § 908(f)(3).

The regulations implementing § 908(f) provide a specific time frame for when to file an application "prior to the consideration of the claim by the [director]." An application "should be made as soon as the permanency of the claimant's condition becomes known or is an issue in dispute." 20 C.F.R. § 702.321(b)(1). This time could arise "at an informal conference held to discuss the permanency of the claimant's condition." 20 C.F.R. § 702.321(b)(1). Finally, the regulations reiterate the consequences of failing to comply with these rules — an absolute defense to the liability of the special fund — and the only exception to this requirement. 20 C.F.R. § 702.321(b)(3).

The procedures required to present a claim for a modification of benefits are the same as those for an initial claim for benefits. See 33 U.S.C. § 922; 20 C.F.R. § 702.373. We review orders of the Board for errors of law *de novo. Norfolk Shipbldg. & Drydock Corp. v. Hord*, 193 F.3d 797, 800 (4th Cir. 1999).

## III.

When a case involves the interpretation of, or compliance with, a statute, we must adhere to the plain language of that statute. As the Supreme Court stated,

---

[4]The regulations substitute the term district director for that of deputy commissioner in the statute. See 20 C.F.R. § 702.105.

in interpreting a statute a court should always first turn to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: "judicial inquiry is complete."

*Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (internal citations omitted). Section 908(f) unambiguously states that any request for relief from the special fund must be presented "to the [director] *prior* to the consideration of the claim by the [director]." 33 U.S.C. § 908(f)(3)(emphasis added). Otherwise, the Director is entitled to an absolute defense to the special fund's liability. 33 U.S.C. § 908(f)(3).

Newport News concedes in its arguments, and both the ALJ and the Board found, that Newport did not comply with the language of the statute. Nor does Newport News argue that the statutory exception to this requirement applies. Instead, Newport News argues that it did not need to follow the unambiguous language of § 908(f)(3) because presenting the claim in the first instance to the ALJ, 11 months after Newport News had knowledge that a permanent disability would be in issue, fulfilled the legislative purpose of § 908(f). However, when a statute is unambiguous, as this one is, and provides an explicit scheme for obtaining a benefit, we decline to depart from that unambiguous statutory language. While the procedure Newport utilized in this case may satisfy the purpose for enacting § 908(f), it was not the procedure Congress specifically enacted. When Congress's direction is clear, we should not depart from its direction, regardless of how inefficient that direction appears to be. See *Germain*, 503 U.S. at 254; c.f. *Director, OWCP v. Newport News Shipbldg. Co.*, 134 F.3d 1241, 1246 (4th Cir. 1998)(Judge Williams, concurring, joined by Judge Luttig, the panel majority, held the plain language of § 908(f) governed decision in the case). We follow that majority. Section 908(f)(3) sets forth a series of explicit procedural hoops, and Newport had to comply with them to receive the benefits of the Act.

While we believe the language of the statute speaks for itself, we note that we are not the only court to hold employers to the terms of

§ 908(f). In *Bath Iron Works v. Director, OWCP*, the First Circuit denied an employer § 908(f) relief when it failed to file its application before the Director in the first instance and the statutory exception did not apply. See *Bath Iron Works*, 950 F.2d 56, 57-59 (1st Cir. 1991); see also *Cajun Tubing Testors, Inc. v. Hargrave*, 951 F.2d 72, 74-76 (5th Cir. 1992).

Contrary to Newport News' argument, compliance with § 908(f)(3) does not result in a bifurcated review process. Newport News' reliance on *Universal Maritime Corp. v. Moore*, 126 F.3d 256 (4th Cir. 1997), is misplaced. In *Moore*, we observed that, in general, § 908(f) did not provide for a procedure in which an employer had its liability determined in one proceeding and its claim for § 908(f) relief addressed in a separate proceeding. See *Moore*, 126 F.3d 256, 268 (4th Cir. 1997). This two step procedure could only occur if the exception to the requirement that the employer file its § 908(f) claim prior to the Director's consideration of the claim applied, that is: when the employer could not reasonably anticipate the liability of the special fund at that time. *Moore*, 126 F.3d at 256; see 33 U.S.C. § 908(f)(3). No such division of findings was contemplated in this case. Indeed, *Moore* held that the employer had "forfeited its § 81(f) claim" by its failure to timely raise the issue. 126 F.3d at 268.

Newport News' argument that its submission of its request for § 908(f) relief to the ALJ was timely because the Director did not set a deadline for submission under 20 C.F.R. § 702.321(b)(3) is without merit. Section 702.321(b)(2) allows the Director to establish a later date for the employer to submit the documentation supporting a request for relief. That provision does not apply here when Newport News had not submitted a request to the Director. See 20 C.F.R. § 702.321(b)(2) (stating that the Director can set a different deadline for submission of the documentation to support an application for § 908(f) relief "[a]t the request of the employer or insurance carrier.").

Likewise, we consider without merit Newport News' argument that its application for § 908(f) relief was not untimely because the Director never considered the claim within the meaning of the Act. We agree with the Board's analysis of this issue. Newport News removed the case from the Director before the Director could hold an informal conference. Thus, Newport News is responsible for any lack of con-

sideration the claim received from the Director and cannot now use its own actions to avoid the unambiguous procedural requirements of § 908(f)(3).

The petition for review is accordingly

*DENIED*.